UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAMIL A. SERRANO,

            Petitioner,

v.

JASON BENNETT,

            Respondent.

Case No. C24-5259-RSL-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner Ramil Serrano is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. He has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his confinement pursuant to a 2019 judgment and sentence of the Grays Harbor County Superior Court. Petitioner has filed other federal habeas petitions relating to the same judgment. This Court, having reviewed the petition filed in this matter, and Petitioner's prior petitions, concludes the instant petition is a second or successive petition over which this Court lacks jurisdiction, and the petition should therefore be dismissed.

REPORT AND RECOMMENDATION
PAGE - 1

## II. DISCUSSION

Petitioner submitted the instant federal habeas petition to the Court for filing on April 5, 2024. (*See* dkt. # 1.) The petition relates to the judgment and sentence entered on March 1, 2019, under Grays Harbor County Superior Court case number 18-1-00591-14. (Dkt. # 5-1 at 1.) Petitioner asserts in his petition that his current custody is unlawful because Grays Harbor County authorities failed to secure an arrest warrant before seizing his person. (*See* dkt. # 5-1 at 6; dkt. # 5-4.) Petitioner appears to claim that because a warrant was not obtained prior to his arrest, the Grays Harbor County Superior Court lacked jurisdiction to enter a judgment and sentence in his criminal proceeding. (*See* dkt. # 5-4.)

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner's petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254. A review of this Court's records reveals that Petitioner has filed two prior federal habeas petitions challenging the same 2019 Grays Harbor County Superior Court judgment and sentence, the most recent of which was filed in July 2023. *See Serrano v. Bennett*, C23-5600-JHC, dkt. # 1. That petition was dismissed on the merits on March 15, 2024.[1] *Id.*, dkt. # 18.

The fact that Petitioner had a previous federal habeas petition challenging the judgment at issue here dismissed on the merits renders the instant petition a second or successive one for

---

[1] Petitioner's first federal habeas petition challenging his 2019 Grays Harbor County Superior Court judgment and sentence was filed in May 2019, and was dismissed without prejudice in September 2019 because Petitioner failed to exhaust his state court remedies prior to filing the petition. *See Serrano v. Uttecht*, C19-5419-RBL, dkt. ## 11, 15, 18, 19.

REPORT AND RECOMMENDATION
PAGE - 2

purposes of 28 U.S.C. § 2244(b). *See* 28 U.S.C. § 2244(a). This Court is without jurisdiction to consider a successive petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the instant petition. Accordingly, this Court lacks jurisdiction over the petition.

### III. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

### IV. CONCLUSION

Based on the foregoing, this Court recommends Petitioner's federal habeas petition (dkt. # 5-1) be dismissed for lack of jurisdiction and a certificate of appealability be denied. This Court further recommends Petitioner's application to proceed *in forma pauperis* (dkt. # 5) be denied as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect

your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 17, 2024**.

DATED this 23rd day of April, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4